## O'Shea v. Rushton

*Morton S. Gorelick*, for plaintiff.

*Folz, Bard, Kamsler, Goodis & Greenfield*, for defendant.

WEINROTT, J., December 15, 1959.—Plaintiff, who operates an employment agency, seeks damages from defendant, who operates a similar business, by reason of defendant's alleged malicious interference with the employment contract of plaintiff's employe. Plaintiff avers that defendant, despite her knowledge of the restrictive covenant in the contract prohibiting said employe from working for a competitor, maliciously induced employe to sever his employment with plaintiff and enter into the employ of defendant.

Defendant filed a preliminary objection to plaintiff's complaint in trespass on the ground that a prior suit is pending between the same parties setting out substantially the same claim in the Court of Common Pleas No. 7 as of June term, 1958, no. 4006. This is admitted by plaintiff, but he contends that the prior action was instituted in equity for injunctive relief not available on the law side of the court, and that the punitive damages he now seeks may not be recovered in that

action in equity. Moreover, he argues that the employe whose contract is the subject of the instant action by plaintiff was also a defendant in the equity suit but is omitted in the present suit. Plaintiff's contention therefore is that the parties are different and that the damages which he asks in this trespass action could not be recovered in equity.

An examination of the averments and record in the complaint in equity pending in the Court of Common Pleas No. 7 reveals that the prayer for relief seeks damages as well as an injunction. The existence of that action containing a request for damages makes obvious to this court the feasibility of transferring this matter to the court wherein suit was first instituted. The determination there of the preliminary objection would preclude the possibility of the recovery of damages which to any extent may be overlapping.

Pa. R. C. P. 213(d) is designed in part to avoid a multiplicity of actions in different courts in separate causes of action arising from a common factual background. It would appear to be the tenor of this rule that all actions involving a common factual background should be consolidated in a single court where the ultimate decision will be made on whether there should be joint or several trials. The rule applies if one action is pending at law and the other in equity if the common factual and legal background is present. See 1 Goodrich-Amram, Procedural Rules Service, p. 71, §213(d)-1.

While 213(d) does not specifically apply to a transfer from one court of common pleas to another, the intendment of the rule requires a transfer of all actions involving a common factual and legal background into a single court.

We believe that acceptance of this action by the Court of Common Pleas No. 7 and its transfer there will facilitate the orderly administration of justice and

permit uniformity of construction and interpretation in these matters.

In view of the foregoing we enter the following:

### Order

And now, to wit, December 15, 1959, upon acceptance of the within cause of action by the Court of Common Pleas No. 7, this case is transferred to said court. All proceedings to stay meanwhile.